IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MYRON BARBER, #N-46174; FLOYD ROBINSON; and TIMOTHY HEADRICK, #B-87996, and all inmates past, present and future,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** )<br>) | |
| ) | **CIVIL NO. 11-626-GPM** |
| **vs.** )<br>) | |
| **MEARL JUSTUS, LEVY BRIDGES, SGT. BLACKBURN, and SGT. NICKOL** )<br>)<br>) | |
| **Defendants.** )<br>) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

The three named Plaintiffs in this case filed this putative class action under 42 U.S.C. § 1983 while Plaintiffs were incarcerated at the St. Clair County Jail. Since the filing of this case, two of the three Plaintiffs have been convicted and transferred to institutes within the Illinois Department of Corrections to serve their respective sentences[1]

The ensuing is a summary of the facts alleged in the complaint. Plaintiffs first filed grievances and complaints with the St. Clair County Jail ("the Jail"). These complaints focused largely on poor living conditions at the Jail. There are mice and other insects in the Jail and paint

---

[1] Plaintiff Myron Barber is currently housed at Lawrence Correctional Center. *Offender Search: Inmate Search*, ILLINOIS DEPARTMENT OF CORRECTIONS, http://www2.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited Aug. 20, 2012). Plaintiff Timothy Headrick is currently housed at Menard Correctional Center. *Id*.

is peeling off the Jail walls. Plaintiffs have had to incur foul odors of human waste emanating from sinks and the toilet areas because there is insufficient cleaning supplies. Additionally, the food portions that detainees receive are very small.

Plaintiffs and other detainees have been denied medical care due to the medical staff "deliberately failing to sustain medical treatment right away" (Doc. 1, p. 5). The Jail is overcrowded and as a result, Plaintiffs are required to sleep on filthy floors. Plaintiffs also fail to get outdoor recreation and are denied adequate access to the law library. All of the named Defendants are aware of these conditions, but do nothing to correct the problem.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiffs have articulated two claims. First, Plaintiffs have stated an Eighth Amendment claim of cruel and unusual punishment due to inadequate housing conditions (Count One). Second, Plaintiffs have stated a First Amendment claim for denial of access to the courts (Count Two). Although Plaintiffs claim they have been deliberately denied medical care, "abstract recitations of the elements" or conclusory legal statements are not enough to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Currently, there are several pending motions and the Court will address each motion in turn. From the outset though, it is important to note that on February 17, 2012, this Court issued an Order that set out potential consequences Plaintiffs could incur as a result of group litigation. Most notably, the Court advised that "every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented", FED. R. CIV. P. 11(a), and that any proposed amended complaint must be signed by each Plaintiff (*See* Doc. 34).

The first motion, filed by Plaintiff Myron Barber, is a "Motion to Amend Petition of The Defendants Exhaustion Remedies of Violations Claimed Within the Civil Rights Complaint" (Doc. 45). The Court Construes Plaintiff Barber's motion as one to amend the complaint. The motion to amend (Doc. 45), signed *only* by Plaintiff Barber is **DENIED** pursuant to this Court's prior Order requiring all Plaintiffs' signature on such a motion (*See* Doc. 34). Plaintiff Floyd Robinson filed a "Motion to Sustain Civil Rights Complaint" which this Court has read and also construes as a motion to amend the complaint (Doc. 46). Once again, *only* Plaintiff Robinson has signed the motion. For the same reason as Plaintiff Barber's, Plaintiff Robinson's motion to amend (Doc. 46) is **DENIED** (*See* Doc. 34).

Next is a motion for copies filed by Plaintiff Timothy Headrick (Doc. 48). Plaintiff Headrick requests copies of eleven different documents (Doc. 48). This motion (Doc. 48) is **DENIED** because Plaintiff has not tendered to the Court the necessary fee for copies. As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), [t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States. The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. The Court is under no obligation to furnish free photocopies to indigent litigants. *See Robinson v. Miscellaneous*, No. 09C0148, 2009 WL 1649697, at *4 (E.D. Wis. June 11, 2009) (quoting *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990)) ("Although the plaintiff was granted leave to proceed in the district court as a pauper, that status waives only prepayment of fees and costs and security . . . . It does not give the litigant a right to have documents

copied and returned to him at government expense.").

Plaintiff Myron Barber has also filed a motion to appoint counsel. This is not Plaintiff Barber's first motion for appointment of counsel in this case (*See* Docs. 5, 20). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has made some effort to retain counsel, including contacting two law firms. Plaintiff has been unsuccessful in his attempts.

The second part of the inquiry focuses on the difficulty of the case when "considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, Plaintiff has filed a putative class action. However, Plaintiff appears competent to litigate this case on his own as he has clearly articulated his positions in the plethora of motions filed thus far. Future developments in this case may alter the Court's decision, but at this stage in the litigation, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

Finally, the Court must note that Plaintiff's putative class is clearly not manageable. It is unlikely that any attorney would be willing to incur all the necessary expenses required to prosecute this lawsuit. Each named Plaintiff may want to consider forgoing their pursuit of a class action in

favor of an individual lawsuit against the named Defendants. Each Plaintiff must notify the Court, in writing, **on or before September 10, 2012**, whether Plaintiffs wish to continue in their attempt to certify this case as a class action lawsuit.

## DISPOSITION

The Clerk of Court shall prepare for Defendants **JUSTUS, BRIDGES, BLACKBURN, and NICKOL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true

and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for pretrial proceedings.

This entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral*.

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 20, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge